UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

               Plaintiff,        Case No. 19-20202

v.                                  Judith E. Levy
                                   United States District Judge
Marvin Brown, Jr.         R. Steven Whalen
                                   Magistrate Judge
               Defendant.
_____/

**ORDER DENYING DEFENDANT MARVIN BROWN, JR.'S
MOTION FOR COMPASSIONATE RELEASE [25]**

On July 22, 2019, Defendant Marvin Brown, Jr. pled guilty to possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841, and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 17, PageID.36-37.) Defendant was sentenced to 48 months' imprisonment. (ECF No. 23, PageID.84.) His projected release date is September 7, 2022. (ECF No. 28, PageID.116.)

On April 15, 2020, Defendant moved for compassionate release and/or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that the danger posed to him by the COVID-19 pandemic

constitutes an "extraordinary and compelling reason" for release. (ECF No. 25.) For the following reasons, Defendant's motion is DENIED.[1]

As an initial matter, the Court acknowledges that Defendant, as an incarcerated individual, faces an increased risk of contracting COVID-19 due to his confinement at FCI Milan in Milan, Michigan. On March 23, 2020, the Centers for Disease Control and Prevention (CDC) acknowledged that correctional and detention facilities "present[] unique challenges for control of COVID-19 transmission among incarcerated/detained persons, staff, and visitors." *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Centers for Disease Control (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html. The Court additionally

---

[1] There is another concern with this petition. Before defendants may bring a compassionate release motion to the courts, 18 U.S.C. § 3582(c)(1)(A) requires that defendants either a) apply for release through the Bureau of Prisons and fully exhaust all administrative remedies; or b) wait 30 days after notifying the Warden that they intend to apply for compassionate release. *Id.* It is undisputed that Defendant has neither exhausted his administrative remedies nor waited 30 days from the date of his email request for compassionate release. (*See* ECF No. 33.)

Defendant asks the Court to waive his failure to comply with these statutory requirements. (ECF No. 25.) However, because the Court would deny Defendant's motion on the merits, the Court need not address this issue.

acknowledges that FCI Milan itself has confirmed cases of COVID-19 for both detainees and staff. *COVID-19 Cases*, Federal Bureau of Prisons, (May 21, 2020) https://www.bop.gov/coronavirus/. Indeed, since the initial confirmed outbreaks in early 2020, Attorney General Barr has directed federal prisons to systematically evaluate and release inmates most at risk from the COVID-19 pandemic. Memorandum for Director of Bureau of Prisons, Att'y Gen. William Barr, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic* (Mar. 26, 2020).

However, Defendant is not one of those most at risk. The compassionate release statute allows the Court to modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Guidelines define "extraordinary and compelling reasons" as "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1(A).

Defendant, who is 36 years old, argues that he "has suffered from severe asthma and bronchitis since birth." (ECF No. 25, PageID.96.) Defendant argues that he is not receiving medical care for his condition, other than being placed in solitary confinement after prison officials suspected that he may have contracted COVID-19. (*Id.* at PageID.97.) Defendant argues that his asthma and inability to properly care for it at FCI Milan constitute "extraordinary and compelling reason[s]" requiring compassionate release. (*Id.*)

The Court disagrees. In the early stages of the federal response to the pandemic, the CDC initially noted that individuals with "moderate to severe asthma may be at higher risk of getting very sick from COVID-19."[2] *Coronavirus Disease 2019 (COVID-19)*, Centers for Disease Control and Prevention, (Apr. 2, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html. However, as more information has come to light in recent months, "[h]ealth experts have generally seen little to no evidence that asthma increases the risk of developing COVID-19." Danny Hakim, *Asthma is Absent Among Top*

---

[2] Indeed, the undersigned granted at least one bond petition in reliance on this early authority. *See United States v. Knight*, No. 18-cr-201800 (E.D. Mich. Mar. 24, 2020).

4

*COVID-19 Risk Factors, Early Data Shows*, New York Times, (Apr. 16, 2020) https://www.nytimes.com/2020/04/16/health/coronavirus-asthma-risk.html [hereinafter "NYT ASTHMA"]. In fact, asthma does not even present among the top ten risk factors—or comorbidities—that increase the likelihood of a dire outcome from COVID-19. *See, e.g.*, *Fatalities*, New York State Dep't of Health, (May 6, 2020) https://covid19tracker.health.ny.gov/views/NYS-COVID19-Tracker/NYSDOHCOVID-19Tracker-Fatalities?%3Aembed=yes&%3Atoolbar=no&%3Atabs=n. In the New York Health Department's aggregated data of 22,976 COVID-19 fatalities as of May 6, 2020, only one lung condition—chronic obstructive pulmonary disease (COPD)—appeared within the list of top ten comorbidities. *Id.* And within Defendant's age range of 0 to 39, only 2 individuals who died from COVID-19 also had COPD. *Id.* This data strongly suggests that lung conditions generally, and asthma specifically, are not the devastating comorbidities that they were originally projected to be, particularly for people under the age of 60.

This is not to say that contracting COVID-19 would not aggravate Defendant's *asthma*—it most certainly would. NYT ASTHMA ("Since

5

common coronaviruses in the United States, trigger asthma flares in well controlled patients, we might expect COVID-19 to be similar.") However, despite Defendant's argument to the contrary, his medical records indicate that he is being monitored for this condition. (*See* ECF No. 30, PageID.208.) If Defendant had additional medical issues or risk factors, the Court would certainly consider Defendant's asthma as an aggregating element in determining whether his conditions of confinement expose him to a holistic risk of a dire outcome from COVID-19. But Defendant's asthma alone is insufficient to demonstrate that Defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1(A).

The Court is deeply concerned about the wellbeing of Defendant, as well as that of all detainees, during this frightening time. However, the Court nevertheless concludes that Defendant's asthma, young age, and otherwise thankfully good health do not demonstrate "extraordinary and compelling reasons" for release. 18 U.S.C. § 3582(c)(1)(A).

Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated: May 21, 2020　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 21, 2020.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager